IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Robert L. Bunnell, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 21-cv-50386 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Bunnell, seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. The parties have filed cross motions for summary judgment [12], [13]. For the reasons set forth below, the Court finds that this matter should be remanded for further proceedings consistent with this opinion.

**BACKGROUND**

**A. Procedural History**

On June 5, 2018, Robert Bunnell ("Plaintiff") filed for disability, disability insurance benefits, and supplemental security income. R. 10. These applications alleged a disability beginning on June 15, 2012. *Id.* The Social Security Administration ("Commissioner") denied his applications on December 11, 2018, and upon reconsideration on September 27, 2019. *Id*. Plaintiff filed a written request for a hearing on November 8, 2019. *Id*. On February 11, 2021, a telephonic hearing was held by Administrative Law Judge ("ALJ") Kevin W. Fallis where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id.* James M. Fuller, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

On March 1, 2021, the ALJ issued his written opinion denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income. R. 10-32. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [9]. Now before the Court are Plaintiff's motion for summary judgment [12], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [13], and Plaintiff's reply brief [14].

---

[1] Martin J. O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of June 15, 2012. R. 12. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus; gastroesophageal reflux disease; cervicalgia; dermatitis; degenerative disc disease of the cervical spine and lumbar spine; degenerative joint disease of the shoulders and knees; liver disease; obesity; bipolar; and borderline personality. R. 13. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 14.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform medium work but with the following limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; avoid all exposure to unprotected heights; and perform only simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes, and with only occasional interaction with the public, coworkers, and supervisors. R. 17. At step four, the ALJ found that Plaintiff did not have past relevant work. R. 31. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from June 15, 2012, through the date of decision, March 1, 2021. R. 32.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v.*

*Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to give any consideration to behavioral health notes made by Plaintiff's medical providers from April 2019 to December 2020. Plaintiff contends that, due to this failure, parts of the ALJ's decision were not supported by substantial evidence, specifically (1) the finding that posttraumatic stress disorder ("PTSD") was not a severe medically determinable impairment, (2) the assessment of Plaintiff's mental limitations under step 3, and (3) the determination of Plaintiff's RFC. The Court finds that the ALJ did not adequately consider the behavioral health notes dated from April 2019 through December 2020, nor did he explain why he discounted the evidence contained in those notes. On remand, the ALJ must properly consider this course of mental health treatment as summarized in the notes dated from April 2019 to December 2020 to determine whether Plaintiff's mental limitations qualify him as disabled under the Social Security Act.

The ALJ found that Plaintiff suffers from two severe medically determinable mental impairments, bipolar disorder and borderline personality disorder, among other severe medically determinable physical impairments. R. 27. The ALJ concluded that PTSD was not a medically determinable impairment. In making that determination, the ALJ quoted from a consultative examination report dated October 17, 2018, in which the psychological consultative examiner wrote, "Due to [Plaintiff's] difficulty reporting, it is unclear if he fully meets the criteria for posttraumatic stress disorder, it will be listed as a rule out." R. 14, 762. After quoting the report, the ALJ stated that the examiner's discussion of PTSD "d[id] not constitute a diagnosis" and concluded that PTSD was not a medically determinable impairment. R. 14. The ALJ did not cite to or consider any behavioral health notes written by Plaintiff's medical providers between April 2019 and December 2020, which reflect that subsequent to October 17, 2018, Plaintiff was diagnosed with PTSD. Behavioral health assessment notes dated May 7, 2020, and November 20, 2020, state that Plaintiff was diagnosed with PTSD on October 31, 2019. R. 1952, 1968. Additionally, Plaintiff's treatment notes dated September 17, 2020, and June 10, 2020, list PTSD as one of Plaintiff's diagnoses. R. 2034, 2039. Therefore, the ALJ erred by failing to address relevant evidence when finding that PTSD was not a medically determinable impairment. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("An ALJ may not selectively consider medical reports, especially those of treating physicians, but must consider all relevant evidence." (citation and internal quotation marks omitted)). On its own, this error might have been harmless because step 2 analysis is a threshold issue. *See Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). However, the ALJ also failed to consider the behavioral health notes from April 2019 to December 2020 in the step three analysis and in the RFC determination.

When assessing Plaintiff's limitations under step 3, the ALJ cited to two function reports dated June 28, 2018, and July 30, 2018, behavioral health treatment notes from 2013 to 2018, the consultative examination report dated October 17, 2018, and Plaintiff's testimony at the telephonic hearing. He noted that "psychological consultative exam findings included that [Plaintiff] was

3

unable to perform [] simple math calculations . . . [and] the Serial '7's' task," that "behavioral health treatment notes include concerns of anger, suicidal ideation and mood swings," and that Plaintiff's treatment history "documented a history of mental health treatment including psychotherapy and medication, along with a history of hospitalization for mental impairment." R. 16-17. Ultimately, the ALJ concluded that Plaintiff's mental limitations in all four of the "paragraph B" criteria were moderate mental limitations and that the record did not establish "paragraph C" criteria. R. 16-17. The ALJ did not cite to or discuss any of Plaintiff's behavioral health notes from April 2019 to December 2020, nor did he mention certain symptoms documented in those notes, including hallucinations, nightmares, and thoughts of causing harm to others.

The ALJ also did not discuss the behavioral health notes from April 2019 to December 2020 when determining Plaintiff's RFC. The ALJ did list mental status findings from mental health assessments conducted between January 2013 and March 2019. R. 27-28. He noted that at those assessments and at the October 17, 2018, consultative examination, Plaintiff denied "current auditory and visual hallucinations." R. 27-28. While the ALJ noted that Plaintiff had "regular psychotherapy and psychiatric medication management visits from April 2019 to the present, with the last treatment note dated November 24, 2020," the ALJ did not discuss any of the mental status findings from those visits or the content of any of the treatment notes from that period.

By failing to consider all of Plaintiff's behavioral health notes in the step 3 analysis and the RFC determination, the ALJ did not confront significant evidence of Plaintiff's mental limitations and capacities. Although many of Plaintiff's mental health assessments and treatment notes from April 2019 to December 2020 reflect similar findings as his prior assessments, some contain additional evidence of Plaintiff's potentially serious mental limitations which the ALJ completely failed to consider in his decision. As reflected in the notes from multiple visits between April 2019 and December 2020, several medical providers documented that Plaintiff reported experiencing hallucinations. R. 1968, 2032, 2035, 2040, 2045, 2046, 2062, 2065, 2068. These hallucinations included Plaintiff hearing his deceased grandmother call his name, seeing visions of "scary, scary things" and "demons," and feeling the sensation of bugs crawling on him. R. 2040, 2046. Medical providers also documented that on October 31, 2019, Plaintiff reported having nightmares/dreams about harming others. R. 1953, 1968. He described these nightmares as "vivid" and "graphic." R. 1953. In some he was "attacking and beating up someone," and in one nightmare he "was a serial killer and [he] murdered a teenage boy and [he] put his body in a car and rolled [it] into a sludge of concrete." *Id*. He stated that he had dreams of hitting his brother and, on April 3, 2019, and May 13, 2019, he reported "thoughts of harming others" and "homicidal thoughts." R. 1953, 2047, 2070. The ALJ did not mention these symptoms anywhere in his decision, nor did he explain why he did not consider them in determining Plaintiff's mental limitations.

Although an ALJ does not need to address every piece of evidence in the record, *see Warnell*, 97 F.4th at 1053, an ALJ "may not ignore an entire line of evidence that is contrary to the ruling." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). As the ALJ failed to consider some of Plaintiff's reported symptoms, the Court cannot determine "whether the ALJ's decision rests upon substantial evidence." *See Sheffield v. Colvin*, No. 14 CV 652, 2015 WL 3449476, at *5 (S.D. Ind. May 28, 2015). Further proceedings are necessary so that the ALJ "can give full consideration to all of [Plaintiff's] documented impairments in evaluating [his] claim." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) (remanding for ALJ to consider how claimant's headaches and

blurred vision affected her ability to work).

## CONCLUSION

This matter is remanded for further proceedings consistent with this opinion.

Date: August 27, 2024                                   ENTER:

 

                                                                                            _____  
                                                                                            United States Magistrate Judge